IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANTHONY T. MOORE, JR., )<br>#446508, )<br>)<br>　　　　Plaintiff, )<br>)<br>vs. )<br>)<br>MATTHEW SCOTT, )<br>STEVEN STRUBBERG, )<br>SHANE COLLINS, )<br>WILLIAM KENNY, )<br>PHILLIP MCLAURIN, )<br>RICHARD WATSON, )<br>M. LANZANTE, )<br>ZACH KURTZ, )<br>BRIAN SABO, )<br>ST. CLAIR COUNTY JAIL, )<br>THOMAS MESEY, )<br>OFFICER LEVI BRIDGES, )<br>TAMMY GRIMES, )<br>DAVID NICHOLS, )<br>MICHAEL BUJNAK, )<br>SARGEANT MCCALL, )<br>CHARLES GERMAINE, )<br>THOMAS TRICE, )<br>KARL L. PUNNIER, )<br>NANCY SUTHERLIN, )<br>NURSE BARBARA RODRIGUEZ, )<br>NANCY KEEN, )<br>DEBORAH HALE, )<br>DR. LARSON, )<br>WEXFORD HEALTH SERVICES, INC., )<br>BRENDAN F. KELLY, )<br>DEBRA PHILLIPS, )<br>JUDY DAHLIN, )<br>OFFICER ANTHONY LEFLORE, )<br>TERRY OWENS, )<br>JOHN MILLER, )<br>ADRIAN GILMORE, )<br>SCOTT STROUD, )<br>C/O HARRIS, )<br>C/O GRAFE, )<br>AUSTIN EVERETT, ) | Case No. 17−cv−1153−JPG |

| | |
|---|---|
| MIKE RIPPERDA, | ) |
| PATRICK FULTON, | ) |
| C/O WALTERS, | ) |
| MARY ROBINSON DAVIS, | ) |
| B. FONTAG, | ) |
| D. HUMPHREY, | ) |
| UNKNOWN PARTY, and | ) |
| ARAMARK FOOD SERVICES, INC., | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Anthony T. Moore, Jr., a detainee in St. Clair County Jail ("Jail"), brings this action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. In his Amended Complaint,[1] Plaintiff claims the defendants have violated many of his constitutional rights and rights under Illinois state law. (Doc. 10). This case is now before the Court for a preliminary review of the Amended Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact."

---

[1] Plaintiff filed an Amended Complaint (Doc. 10) before the Court was able to conduct a threshold review of his original Complaint (Doc. 1) pursuant to 28 U.S.C. § 1915A. Parties may amend their pleadings early in a case once as a matter of course. *See* FED. R. CIV. P. 15(a)(1). Because an amended complaint supersedes and replaces the original complaint, rendering the original complaint void, the Court will conduct a threshold review of the Amended Complaint and will not review the original Complaint. *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n.1 (7th Cir. 2004).

*Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the Amended Complaint and any supporting exhibits, the Court finds it appropriate to dismiss Plaintiff's claims without prejudice pursuant to Federal Rule of Civil Procedure 8

## Background

The Amended Complaint sets forth approximately 68 claims against 44 defendants, based on a plethora of allegations spanning from 2012 to the present day, with some interruption for when Plaintiff was not incarcerated in the Jail. The claims involve, but are not limited to, the conditions of confinement at the Jail, retaliation, deliberate indifference to health and safety, access to the courts, due process, conspiracy, wiretapping, the Takings Clause, anti-trust laws, unjust enrichment, tortious interference, battery and assault, excessive force, and equal protection. (Doc. 10). These claims are based on various amendments to the Constitution, federal statutes, and Illinois laws. *Id.* Plaintiff seeks monetary damages and injunctive relief. (Doc. 10, p. 49).

## Discussion

Pursuant to Federal Rule of Civil Procedure 8, in order to state a claim, a pleading must

provide "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(1). "Rule 8(a) requires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud." *United States ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003). Although a district court is "not authorized to dismiss a complaint merely because it contains repetitious and irrelevant matter, . . . dismissal of a complaint on the ground that it is unintelligible is unexceptional. Length may make a complaint unintelligible, by scattering and concealing in a morass of irrelevancies the few allegations that matter." *Id.* (internal citations and quotation marks omitted).

Under Rule 8, plaintiffs are also required to associate specific defendants with specific claims, so that defendants are put on notice of the claims brought against them and so they can properly answer the complaint. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); FED. R. CIV. P. 8(a)(2). Merely invoking the name of a potential defendant is not sufficient to state a claim against that individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). Moreover, vague references to a group or list of defendants, without specific allegations tying the individual defendants to the alleged unconstitutional conduct, do not raise a genuine issue of material fact with respect to those defendants. *See Alejo v. Heller*, 328 F.3d 930, 936 (7th Cir. 2003) (finding dismissal of named defendant proper where plaintiff failed to allege defendant's personal involvement in the alleged wrongdoings); *Starzenski v. City of Elkhart*, 87 F.3d 872, 879 (7th Cir. 1996).

The Amended Complaint is problematic under Rule 8 for its length (50 cramped handwritten pages), large number of defendants (44), and excessive number of intended claims (approximately 68). (Doc. 10). The Amended Complaint also often groups defendants together

instead of associating specific defendants with certain actions, and repeatedly states legal conclusions as if they were facts.

Further, given the length of time covered by the allegations, the Court suspects that at least some of Plaintiff's claims are time barred under the relevant statute of limitations, though Plaintiff has insisted that they are not in a separately file Notice Regarding Statute of Limitations (Doc. 13). The Court also suspects that, despite Plaintiff's insistence to the contrary in a separately filed Motion in Opposition to Severance (Doc. 14), many of Plaintiff's claims are improperly joined and are subject to severance pursuant to Federal Rules of Civil Procedure 18 and 20. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).[2] Instead of severing immediately, however, the Court will allow Plaintiff to amend his complaint so as to focus his claims and come into compliance with Rule 8.

For these reasons, the Amended Complaint does not survive preliminary review and shall be dismissed without prejudice. Plaintiff will be granted leave to file an amended complaint, according to the instructions and deadlines set forth in the disposition.

## **Pending Motions**

Plaintiff has filed two Motions for Recruitment of Counsel (Doc. 3, 11), which are hereby **DENIED**. There is no constitutional or statutory right to appointment of counsel in federal civil cases. *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010). Federal District Courts have discretion under 28 U.S.C. § 1915(e)(1) to request counsel to assist *pro se* litigants. *Id.* When presented with a request to appoint counsel, the Court must consider: "(1) has the indigent

---

[2] The Seventh Circuit Court of Appeals has recently warned district courts not to allow inmates "to flout the rules for joining claims and defendants, *see* FED. R. CIV. P. 18, 20, or to circumvent the Prison Litigation Reform Act's fee requirements by combining multiple lawsuits into a single complaint." *Owens v. Godinez*, 860 F.3d 434, 436 (7th Cir. 2017). *See also Wheeler v. Talbot*, 695 F. App'x 151 (7th Cir. 2017) (district court should have severed unrelated and improperly joined claims or dismissed one of them).

plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself [.]" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007).

With regard to the first step of the inquiry, Plaintiff claims that he attempted to contact the ACLU in Chicago, Illinois and the People's Law Office in Chicago, but that neither has responded to his letters. (Doc. 11, p. 1). Plaintiff also claims he asked his criminal defense attorney to represent him in this case, but his defense attorney does not handle these types of cases. *Id.* Plaintiff has not provided any detail regarding his attempts to retain the ACLU or the People's Law Office for this case, nor has he attached any copies of documents that would support his assertion that he has made a reasonable effort to retain them. Plaintiff has therefore not shown that he made a reasonable attempt to find counsel.

Were the Court convinced that Plaintiff satisfied the first step, the Court then considers the second step of the inquiry, "the difficulty of the case is considered against the plaintiff's litigation capabilities, and those capabilities are examined in light of the challenges specific to the case at hand." *Id.* at 655. In this case, the Court cannot say what claims will actually be at issue, as Plaintiff's Amended Complaint is in violation of Rule 8 and the civil rules regarding joinder of claims. He is being given leave to file an amended complaint herein so he may bring focus to his intended claims.

From a legal standpoint, the litigation of any constitutional claim falls in the complex range. Even so, Plaintiff's complaint is legible and relatively organized. Plaintiff also claims that someone assisted him in preparing his Amended Complaint. Based on this information, this Court concludes that Plaintiff appears to be competent to litigate his case at this time. Future developments in this case may alter the Court's decision, but at this early stage in the litigation,

6

Plaintiff's motions for appointment of counsel are **DENIED** without prejudice. Plaintiff may choose to file a motion for counsel at a later stage in the litigation.

Plaintiff has filed a Motion to Take Judicial Notice (Doc. 12), seeking to notify the Court of a case Plaintiff believes should inform this Court's decisions in this case. Plaintiff has not sought any additional relief in this Motion, and this Court is aware of the case Plaintiff points to, so the Motion (Doc. 12) is **DENIED** as moot.

Plaintiff has filed a Motion in Opposition to Severance of Claims (Doc. 14), which is **DENIED** as moot. The Amended Complaint to which the Motion refers is being dismissed herein, and the Court is not severing any claims from it. The Court notes that in this Motion, Plaintiff attempts to explain how his many claims are related and therefore immune to severance. He appears to want this Court to consider these assertions as a part of the Amended Complaint. It did not do so, however, as it does not accept piecemeal amendments to a complaint.

Plaintiff has filed a second Motion for Leave to Proceed *In Forma Pauperis* (Doc. 15), which is **DENIED** as moot, as he has already been granted leave to proceed *in forma pauperis*.

## Disposition

Plaintiff's Complaint (Doc. 10) is hereby **DISMISSED** without prejudice for failure to comply with Federal Rule of Civil Procedure 8.

**IT IS FURTHER ORDERED** that, should he wish to proceed with this case, Plaintiff shall file a Second Amended Complaint, stating any facts which may exist to support his chosen claims, within 28 days of the entry of this order (**on or before April 11, 2018**). Should Plaintiff fail to file his Second Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. FED. R. APP. P. 41(b). *See*

*generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). Such dismissal shall count as one of Plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g) because he has yet to state a claim upon which relief may be granted.

Should Plaintiff decide to file a Second Amended Complaint, it is strongly recommended that he use the forms designed for use in this District for such actions. He should label the form, "Second Amended Complaint," and he should use the case number for *this* action (*i.e.* 17-cv-1153-JPG). The pleading shall present each claim in a separate count, and each count shall specify, *by name*, each defendant alleged to be liable under the count, as well as the actions alleged to have been taken by that defendant. Plaintiff should attempt to include the facts of his case in chronological order, inserting each defendant's name where necessary to identify the actors. Plaintiff should refrain from filing unnecessary exhibits. Plaintiff should *include only related claims* in his new complaint. Claims found to be unrelated to one another will be severed into new cases, new case numbers will be assigned, and additional filing fees will be assessed.

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n.1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the Amended Complaint. Thus, the Second Amended Complaint must stand on its own, without reference to any previous pleading, and Plaintiff must re-file any exhibits he wishes the Court to consider along with the Second Amended Complaint. The Second Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A. No service shall be ordered on any defendant until after the Court completes its § 1915A review of the Second Amended Complaint.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was

incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable, regardless of whether Plaintiff elects to file a Second Amended Complaint. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

In order to assist Plaintiff in preparing his amended complaint, the Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

**IT IS SO ORDERED.**

**DATED: March 14, 2018**

<u>s/J. Phil Gilbert</u>
 United States District Judge