# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ANTHONY T. MOORE, JR., #446508, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 17−cv−1153−JPG |
| | ) | |
| MATTHEW SCOTT et al., | ) | |
| | ) | |
| Defendants. | ) | |

# MEMORANDUM AND ORDER

**GILBERT, District Judge:**

On October 24, 2017, Plaintiff Anthony Moore, Jr. filed a Complaint (Doc. 1) pursuant to 42 U.S.C. § 1983. Soon thereafter, he filed an Amended Complaint (Doc. 10) superseding the original Complaint. The Amended Complaint did not survive threshold review under 28 U.S.C. § 1915A and was dismissed on March 15, 2018 for failure to comply with Federal Rule of Civil Procedure 8. (Doc. 16, p. 7). The dismissal was without prejudice to Plaintiff filing an amended complaint on or before April 11, 2018. *Id.* That deadline passed without Plaintiff filing an amended complaint, so this action was dismissed with prejudice and judgment was entered. (Docs. 17-18). This case was then reopened on July 11, 2018 in response to a Motion for Reconsideration (Doc. 19) filed by Plaintiff. (Doc. 20). Plaintiff was given until August 8, 2018 to file a Second Amended Complaint or face dismissal with prejudice once again. *Id.*

On August 14, 2018, Plaintiff filed a Motion for Reconsideration asking the court to sever his previously dismissed Amended Complaint and suggesting that he could refile the dismissed complaint. (Doc. 21). The Court denied the Motion on August 15, 2018, noting that Plaintiff's Amended Complaint had been dismissed and would be again if he re-filed it. (Doc. 22). The Court then extended Plaintiff's deadline for filing an amended complaint to August 28,

1

2018.  *Id.*  That deadline has passed without Plaintiff filing a Second Amended Complaint or requesting an extension of time to do so.  The Court will not allow this case to linger indefinitely.

As a result, this case is **DISMISSED with prejudice** for failure to comply with an order of this Court and failure to prosecute.  FED. R. CIV. P. 41(b); *see Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994).  Further, because the Amended Complaint failed to state a claim upon which relief may be granted, this dismissal shall count as one of Plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g).

Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable.  *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this Order, he may file a notice of appeal with this Court within thirty days of the entry of judgment.  FED. R. APP. 4(A)(4).  If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal.  *See* FED. R. APP. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockish*, 133 F.3d 464, 467 (7th Cir. 1998).  Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike."  A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline.  FED. R. APP. P. 4(a)(4).  A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: September 4, 2018**                **s/ J. PHIL GILBERT**
                                            **United States District Judge**